**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-00051-SKC

DENNIS MUNDT, individually, and DENNIS MUNDT,
As next friend and parent of D.J.M., a minor child

 Plaintiff,

v.

CAMILLE GADZIALA, in her individual capacity, and
JOI JOHNSON, in her individual capacity,

 Defendants.

---

**UNOPPOSED MOTION TO FILE EXHIBITS A – C TO DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RESTRICTED ACCESS**

---

  Defendants, Camille Gadziala and Joi Johnson, in their individual capacity, through the Douglas County Attorney's Office, hereby submit the following <u>Unopposed</u> Motion to File Exhibits A – C to their Motion to Dismiss Complaint Under Restricted Access ("Unopposed Motion to Restrict") pursuant to D.C.COLO.LCivR 7.2, and state as follows:

**<u>D.C.COLO.LCivR 7.1(a) CERTIFICATION</u>**

  The Undersigned spoke with Plaintiff's counsel, Elliot Singer, on March 16th, 2023, and is authorized to state that this Motion to Restrict is <u>unopposed</u>.

  1. On January 6, 2023, Dennis Mundt ("Plaintiff") filed his Complaint in the above-captioned action asserting claims under the Fourth and Fourteenth Amendments. Plaintiff claims Defendant Gadziala, a caseworker with the Douglas County Department

of Human Services ("DCDHS"), provided insufficient procedural due process before securing a court order to seize his child from his custody without probable cause, and thereby deprived him of his right to familial integrity. *See* Doc. 1. at ¶¶ 99, 106, 113. Plaintiff claims Ms. Gadziala misled the court by omitting information and providing false information in her statements. *Id*. at ¶ 116. Plaintiff further claims that Defendant Johnson, a permanency caseworker with DCDHS, subsequently violated the same rights by failing to meet with him monthly during permanency proceedings. *Id*. at ¶¶ 121, 128, 134.

      2.      Plaintiff's Complaint refers to a police report that served as a basis for Ms. Gadziala's knowledge in advance of her probable cause statements, and to her subsequent statements of probable cause to the court. *See* Doc. 1 at ¶¶ 24 – 31; 41 - 44. These documents are central to Plaintiff's claims because Ms. Gadziala's knowledge and the existence of probable cause are essential to the resolution of each.

      3.      Defendants file, along with the instant Motion, a Motion to Dismiss Complaint. Defendants assert, *inter alia*, that they are entitled to qualified immunity because the existence of probable cause renders them immune to Plaintiff's claims under the first prong of the qualified immunity analysis. Defendants request that the Court consider the police report and Ms. Gadziala's statements in support of probable cause, as Exhibits A through C to their Motion to Dismiss Complaint, because these documents are referred to in the Complaint and central to the claims. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (A court may consider documents referred to in the complaint and central to the claims without converting a 12(b)(6) motion to one for summary judgment).

4. The submission of Exhibits A through C is therefore necessary and relevant to the resolution of Defendants' Motion to Dismiss.

5. The police report and statements of probable cause constitute dependency and neglect records and information pursuant to C.R.S. § 19-1-307. "Disclosure of the name and address of the child and family and other identifying information involved in such reports shall be permitted only when authorized by a court for good cause." C.R.S. § 19-1-307(1)(b). Such records may be accessed by a county department of human services. C.R.S. § 19-1-307(2)(a). The records may also be accessed by Plaintiff as the father of the child, and by this Court upon a finding that "access to such records may be necessary for determination of an issue before such court, but such access shall be limited to in camera inspection unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it." C.R.S. § 19-1-307(2)(f).

6. There is currently no alternative to the requested restriction that would preserve the confidentiality of these documents while allowing the Court to make this threshold determination.

7. The restriction is sought for the purpose of avoiding injury to Plaintiff and D.J.M. by disclosing confidential familial information to the public. The exhibits also identify D.J.M. by name, which if released, could result in embarrassment or similar injury. Therefore, the interest in confidentiality continues to outweigh the public's interest in disclosure despite the filing of this action.

WHEREFORE, Defendants respectfully request that this Court restrict public access to Exhibits A through C to Defendants' Motion to Dismiss Complaint under Level 1 restricted access.

Respectfully submitted this March 20, 2023.

OFFICE OF THE COUNTY ATTORNEY
DOUGLAS COUNTY, COLORADO

/s/ W. Casey Brown
W. Casey Brown, #48828
S. Kelly Dunnaway, #31896
100 Third Street
Castle Rock, CO 80104
Telephone: (303) 660-7414
Email: wbrown@douglas.co.us
           kdunnawa@douglas.co.us

*Attorneys for Defendants
Camille Gadziala and Joi Johnson*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of March 2023, I electronically filed the foregoing **UNOPPOSED MOTION TO FILE EXHIBITS A – C TO DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RESTRICTED ACCESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Ashley Chamberlain

*Pursuant to USDC ECF Procedure Version 6.1, a printed copy of this document with original signatures will be maintained by the Office of the Douglas County Attorney and made available for inspection upon request.*